Hitchcock, J.,
dissenting. Although, I concur in the reversal of the judgment of . the Cpurt of Common Pleas, yet I am constrained to dissent from the opinion of a majority of the Court, so far as that opinion is applicable to the two first counts of the plaintiff’s declaration. These; counts are based upon two promissory notes executed by the- ancestor of the defendants to the plaintiff, which notes are specifically set forth. It is- further stated, that the defendants: are heirs;, that, as such, assets to an amount greater than the sum due on said notes, have come to their hands ;' that the notes were not presented to.the administrators; that the accounts of the administrators had been fully settled with the court, and- the balance remaining in their hands, after- the payment of claims, presented against the estate, have, been'distributed to the defendants, as-heirs, .whereby they became liable, &c.
Whether these'two counts are Sufficient,- depends upon the proper construction of the 43d section of the act-of March 12, 1831, defining' the duties of executors and administrators; (Ch. Stat. 1784;) t This section is as follows: “ Nothing in the pre- ‘ ceding Section contained, shall impair the personal liability of ‘ heirs or devisees for the payment of any claim, against the es- ‘. taté of their ancestor or devisor; but such heirs and devisees ‘- shall remain liable, to the full extent of the assets by them ’• received from the 'estate, of, the ancestor ,or devisor, for the ‘■.payment of all claims against the estate of such ancestor or ‘ devisor; and any suit, which could be brought or sustained ‘ against such ancestor or devisor, were he alive, may be brought ‘ and sustained against such heirs and devisees, after the execu- ‘ tors or administrators of the ancestor or de,visor shall have ' ‘ made final settlement with the court, until the assets so re- ‘ ceived by such heirs or devisees, shall be exhausted: Provided ‘ always, that such heirs. or devisees ■ may make any plea or ‘ defence to such suit, which their ancestor or devisor could ‘ make, were he alive and such suit instituted against him.”
.The object of this section.of the law is apparent, and requires no comment. The case now under considération is prosecuted *343 pursuant to it, and it is admitted, .that the averments of the declaration are sufficient. The only objection made is, that .the suit'is a joint suit against Ull the heirs, whereas, , as is insisted, it should .have been a separate suit against one pf the heirs, or, rather, separate suits against each one of the heirs. A majority of the Court adopt this mode of reasoning, and hold such to be the meaning of the, statute. If such be the proper construction, I must confess that I do not well comprehend the force of language. “Any suit which would be brought and ‘ sustained against such ancestor or devisor, were he alive, may ‘ be brought-against such heirs - and devisees ,” Not against one of- the'heirs separately,,but-against “such heirs and devisees” collectively. Such' is the . language, and, to my mind, such is the evident intent and meaning of 'the-statute.
But it is objected to this construction, that, after the recovery of judgment, a creditor might enforce the collection of his whole claim, by execution against oné of. .the heirs.- If this be an objection, jt is equally valid as against -the policy of separate suits. In .such case, the whole claim might be collected in one suit and from one of the heirs. ' But in either case, there can be no doubt that all would be liable, to contribution, , •
It is, objected,, that in ordér to a joint liability in-contracts, there must be a joint, undertaking, and-that there.’is not, in the case before the Court,’ any such joint .undertaking. I do not controvert the principle-advanced, but-cannot perceive its applicability to this case... These defendants are not sued,in-their own right, on account of any undertaking or promise of their own, but they are sued in a representative’ capacity, as heirs. This liability does not depend upon their own personal, obligation, but Upon the. fact,, vyhéther they have received any thing by descent from their ancestor, who, during his lifetime, .was under a personal obligation to satisfy , this demand. ■Executors or administrators.represent the estate of their,testator or intestate, and if there is. more than one; all must be sued. . Under the law of 1831, after the executor or ádministrator shall have settled up with the court, he ceases to represent the estate, and *344 the heirs become the representative, as much so as was the .executor or administrator before the settlement. And as it is necessary, where there are more than one éxecutor or administrator, that all should' be sued, so it is necessary, where there are more than,one heir, that ' all should be sued. But neither executor, administrator nor heir can be made liable beyond the amount of assets descended. » ',
Whether a, similar principle prevails in any of our sister Spates, I .do not know, but in England, a man may, by his bond, bind his heirs.as well'as himself; that is, if, upon the face of the bond, the heir is bound, he'will be held, after the death of his ancestor, to the extent that lands shall have descended to him. This is a well known principle of the common law. But it was found that debtprs', with a. view .to defeat their creditors, adopted the .practice of devising> their' lands. This practice induced the passage of the statute of 3 ¡& 4 W. & M., by which it is enacted,', that, as to specialty creditors; such devises shall be déemed .and held to be void; 3 Bacon’s Ab. 461. The statute' further provides, that such creditors may have an action against the heir and heirs and devisees jointly.
So far as I can learn, it was never doubted that the heirs of an obligor might be sued jointly, before the passage of the act of 3 & 4 W. & M., nqr has it been doubted since the enactment of that law, that heirs and devisees could be sued jointly.' That I am not mistaken in, this opinion is, to my mind, manifest from the English precedents. 2 Ch. Pl. 161; Clift. Ent. 243 ; Ibid. 19; Lill. Ent. 145, 529, 53; 2 Rich. C. P. 241; 5 Wentr. 374.
I can see no good reason why this practice, adopted in the English courts, should not be pursued in this State, under 'a statute which is, in a great degree, ánalagous to the lavy binding upon those courts. ' It was the practice adopted by the pleader in the case now under consideration, and, as it seems to me, is consistent with principle and precedents'/ I hold, that the Court of Common Pleas erred in, sustaining the demurrer to the two first counts in the declaration, and, that, for that reason, the judgment should be reversed.